# Hickok & Ross *vs.* Labussier, for the use of Huner.

### *Error to Desmoines.*

In an action by the payee of a note, *not negotiable*, for the use of the assignee, it is not necessary to set forth the assignment, either in the declaration, or in the copy of the note, such endorsement being only a piece of evidence.

No formal notice of such assignment is necessary to render the maker responsible to the assignee. The suit being instituted for the use of the latter, is sufficient to put the maker on the enquiry; and if he pays money afterwards to the original payee, he does it at his peril.

A blank endorsement of such a note, and the possession thereof by the person for whose use the suit is brought, is sufficient to raise the legal presumption of a transfer to him.

The instrument declared on in this case reads as follows:

"BURLINGTON, 24th March 1837.

"Twelve months after date, we promise to pay Francis Labussier, the sum of five hundred dollars, for value received.

(Signed)     LUTHER W. HICKOK,<br>JNO. ROSS."

No endorsement or assignment, was set forth in the declaration.—The suit, however, both in the writ and declaration, was entitled: "Francis Labussier, who sues for the use of Jacob Huner, vs. Luther W. Hickok and John Ross." The defendants pleaded *non assumpsit*, and some other pleas which, however, were not relied on upon the trial. The other material facts may be gathered from the following bill of exceptions, which was filed in the case, to wit:

"Be it remembered that on the trial of this cause, which was an action brought on a note executed by the defendants to said Labussier, and *not negotiable*, executed on the 24th day of March 1837. In the declaration and writs, there was no mention made of the endorsement or assignment of said note to said Huner, and in said declaration there was a copy of said note given without setting out any endorsement or assignment on the same, all of which will more fully appear by reference to said declaration, writs and copy of said note. The plaintiff offered in evidence said note (which had not before been filed in the suit) as the ground of his cause of action, and as evidence of his demand,

on which said note there was a blank endorsement by said Labussier, and no other evidence of the transfer of said note by said Labussier to said Huner was given on the trial, which said note is now a part of the record in this cause. The defendants then offerred in evidence under the plea of the general issue, a receipt in full against said note, from the said Labussier, dated the 30th day of September 1839, which was more than two months after the service of the said writ on said defendants, which said receipt is hereby referred to as a part of the record in this cause.

"The plaintiff then moved the court to instruct the jury that the blank indorsement on said note was sufficient to pass all the equitable interest in said note to said Huner, and that it was not necessary for said Huner to introduce any other evidence of said assignment than said endorsement, and that it was not necessary for said Huner to set out or make any mention of said endorsement in his said writ or declaration, and that said Huner might introduce said endorsement on the trial as evidence of his title to the same, and that said endorsement was sufficient *prima facie* evidence within itself, of said Huner's title to said note; and also that said suit having been brought in the name of said Labussier, for the use of the said Huner (although said note was not negotiable) that said Huner was the real plaintiff, and that said Labussier, could not dismiss said suit nor discharge said cause of action by receiving payment from said defendants and receipting for the same in full after the service of said writ, although no mention was made of said endorsement in the record, and that Lubissier could not control said action in any manner whatever. Also to instruct the jury that if they should be of opinion that said note was endorsed by said Huner after the taking effect of a law passed by the legislature of Iowa, approved January 4th 1839, concerning promissory notes, &c., although said note was made previous to the passage of said law that said subsequent endorsement would pass all the legal interest in the same to the said endorsee, all of which said instructions were given in charge by the court to the jury to which said opinion and instructions of the court, the defendants except.

"The defendants then moved the court to instruct the jury that they having produced a receipt in full, for said note from said Labussier, that it then devolved upon said Huner, to prove a special assignment or transfer of said note to him, by said Labussier, and notice of the same to defendants previous to the date of said receipt, from said Labussier for the payment of said note, or a special promise to pay said Huner

the amount of said note as endorsee, previous to the date of said receipt from said Labussier ; but the court being of a different opinion refused to give said instructions. "

To this the defendants excepted and brought the case up here for reversal.

BROWNING & GRIMES, for plaintiffs in error.

RORER & STARR, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—This case comes up on a bill of exceptions, and we shall therefore examine and dispose of each of the material questions therein raised in their order. And first, was it necessary that the blank endorsement on the note should have been set forth in the declaration or given with the copy? We think not. The statute requires that a copy of the instrument of writing on which the suit was brought should be filed with the declaration. In the case of an ordinary negotiable note, where the suit is brought in the name of the assignee, such endorsement becomes a material part of the instrument. It is absolutely necessary that it should be set forth, in order to avoid the effect of a general demurrer.

But in the case of a note not negotiable the case is different. The plaintiff in the first instance is not bound to set forth or prove the assignment at all. Such proof only becomes necessary where the defence set up can only be defeated in consequence of the assignment, Swan's Treatise 208-9. It was not even necessary that the name of the assignee should have appeared on the docket, provided, that after the production of the receipt from Labussier, the plaintiff had proved the assignment and notice to the defendants of a date prior to that of the receipt. The endorsement is not therefore a part of the instrument declared on, but is merely to be used by way of rebutting evidence upon a certain contingency, and is no more necessary to have been set out in the copy filed with the declaration, than though such evidence had been contained in a separate instrument, or than though it had been by parol.

In the next place, as to the receipt. This was wholly nugatory, if the note had been previously assigned and knowledge thereof communicated to the defendants. No formal notice for this purpose was necessary. It is enough if from the facts and circumstances it may be fairly presumed, that the debtor had positive notice of the assignment, 12 Johns. Reports 343. The name of the assignee being mentioned in the summons, was we think sufficient notice to the defendants that

he was benificially interested, and if they paid money to Labussier afterwards, it was at their own peril. Swan's Treatise, 208.

Whether the legal interest in the note was or was not, in Huner, cannot affect this case, except that it may in the former case be contended that the suit should have been brought in his name directly. The instruction in that case asked by the plaintiff would have been pointedly against himself; and if there was error in the instruction of the court, that error was in favor of the defendants. At all events, we see nothing in this point which should work a reversal of the judgment.

The only question that remains to be disposed of is in relation to the sufficiency of the proof of assignment. Was the blank endorsement of itself, *prima facie* evidence of this fact, or, after Labusssier's receipt in full had been produced, was a special assignment to Huner necessary to be proved? We are clearly of the opinion that no formal transfer was necessary to be shown. We also think that the endorsement in blank, is of itself presumptive evidence of the assignment, that it is equivolent to a power of attorney authourizing the holder to sue in the name of the endorser, and to apply the avails to his own use; that the assignee may at any time, even in court, fill up the endorsement to this effect, and that if not filled up, this will be deemed the import and construction of it. Swift's Digest, 434. We are of the opinion, therefore, that the blank endorsement, and the possession of the note by Huner, were sufficient to create the legal presumption of an assignment of the note to him, and that this instruction of the court to the jury was also correct. The judgment of the court below will therefore be affirmed.